**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

ABLE SALES COMPANY, INC.,

    Plaintiff,

    v.                                     CIV. NO. 05-1111(PG)

MEAD JOHNSON PUERTO RICO, INC., ET AL.,

    Defendants.

## OPINION AND ORDER

On January 31, 2005, defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(1) and 1446. (Docket No. 1.) On February 10, 2005 plaintiff's filed a Motion to Remand. (Docket No. 2.) On March 23, 2005, defendants filed their opposition to the motion to remand. (Docket No. 11.) Plaintiff moved to stay the case to conduct jurisdictional discovery in order to respond to defendants' opposition. (Docket No. 12.) On May 25, 2005, the Court denied the request to stay but granted plaintiff sixty (60) days to conduct the discovery. The remand petition was held abeyance until the discovery was completed. Following several procedural events, the matter was referred to Magistrate Judge Camille Velez-Rive for a Report and Recommendation. (Docket No. 25.)

On February 17, 2006, Magistrate Judge Velez-Rive issued her Report and Recommendation ("R&R") finding that the Court lacked subject matter jurisdiction to entertain the case and recommending that the motion to remand be granted. (Docket No. 27.) The Magistrate Judge based her decision on the recently decided case of Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58-59 (1st Cir. 2005) in which the First Circuit clarified the case law regarding the tests to determined corporate domicile in diversity cases. On March 6, 2006, defendants filed a motion titled "Motion for Order Accepting the Magistrate's Report and Recommendation" indicating that after carefully reviewing the R&R, and the case law cited therein, they accepted the recommendation to remand the case to the local courts. (Docket No. 29.) Accordingly, the Court granted plaintiff's Motion to Remand.

Plaintiff now seek attorneys fees and costs pursuant to 28 U.S.C.

Civ. No. 05-1111(PG)                                                    Page 2

§1447(c). (Docket No. 32.) It argues that pursuant to the removal statute, if the court grants a motion to remand, it may require payment of costs, expenses, and attorneys' fees when the removing party lacked an "objectively reasonable basis" for seeking removal. 28 U.S.C. §1447(c). Plaintiff claims that according to Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) the standard for awarding fees should turn on the reasonableness of the removal. Id., at 711("Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.") Plaintiff insists that here there was no objectively reasonable basis for the removal therefore, it is entitled to recover costs and attorneys' fees.

Defendants oppose plaintiff's request claiming that when they filed the notice of removal, they had a reasonable basis to do so and therefore, in light of the ruling in Martin v. Franklin Capital Corp., fees and costs should not be awarded.

Having carefully reviewed the applicable case law, as well as the record of the case, the Court finds that at the time defendants filed the notice of removal, January 31, 2005, they had an objectively reasonable basis for seeking removal in light of the cases of Taber Partners I v. Merit Builders, Inc., 987 F.2d 57 (1 st Cir. 1993); Topp v. CompAir Inc., 814 F.2d 830 (1st Cir. 1987); and de Walker v. Pueblo Int'l., 569 F. 2d 1169 (1 st Cir. 1978). The Pep Boys case which clarified the tests to determine corporate domicile in diversity cases was issued in June of 2005, six months after the notice of removal and three months after defendants had filed their opposition to the motion to remand.

Seven months after Pep Boys was decided, the Magistrate Judge issued her report. In light of the Pep Boys holding, she rightfully determined that the case should be remanded. Defendants did not object to her recommendation. Instead, they conceded that in light of the changes in the legal landscape from the time of the removal until the Magistrate Judge's ruling, the case should indeed be remanded to state court.

The Court understands that plaintiff naturally wants to recover the costs and fees incurred in the case given that it was ultimately remanded. However,

Civ. No. 05-1111(PG)                                                    Page 3

plaintiff, "is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper." <u>Martin v. Franklin Capital Corp.</u>, 393 F.3d 1143, 1147 (10th Cir. 2004) <u>affmd.</u> 546 U.S. 132 (2005). Pursuant to Supreme Court's ruling in <u>Martin v. Franklin Capital Corp</u>., when an objectively reasonable basis for seeking removal exists fees should be denied. <u>Id.</u>, 546 U.S. 132, 126 S.Ct. at 711(2005). Therefore, because we find that at the time of removal, defendants had a reasonable basis to seek removal, plaintiff's Motion for Attorney Fees **(Docket No. 32)** must be **DENIED**.

    **IT IS SO ORDERED.**
    In San Juan, Puerto Rico, March 2, 2007.

                                                  S/JUAN M. PEREZ-GIMENEZ
                                                  U. S. DISTRICT JUDGE